FILED
2013 Mar-25  PM 05:44
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| OPAL ROUNSAVALL, Individually and as Personal Representative of the Estate of BILLY JOE ROUNSAVALL, deceased, ) ) ) ) | |
| Plaintiff, ) | Civil Action No.: |
| v. ) | 5:12-CV-2785-LSC |
| AMETEK, INC., et al., ) | |
| Defendants. ) | |

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant BASF Catalysts LLC ("Defendant") answers Plaintiffs' Second Amended Complaint (the "Complaint") as follows:

## FIRST DEFENSE

Defendant responds to the specific allegations of the Complaint as follows:

## THE PARTIES

1.    Defendant admits that plaintiff Opal Rounsavall, individually and as personal representative of the Estate of Billy Joe

Rounsavall, ("Plaintiff") is a resident of the State of Alabama and that Billy Joe Rounsavall was a resident of the State of Alabama prior to his death. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint and accordingly they are denied.

2.      To the extent paragraph 2 of the Complaint contains any allegations directed against this Defendant, said allegations are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and accordingly they are denied.

3      Paragraph 3 of the Complaint includes no allegations directed against this Defendant and therefore, no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and accordingly they are denied.

4.      Defendant denies the allegations of paragraph 4 of the Complaint, except that Defendant admits that it is a Delaware limited

liability company with its principal place of business in New Jersey and that it has done business in Alabama.

5-16. Paragraphs 5 through 16 of the Complaint include no allegations directed against this Defendant and therefore, no response is required.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and accordingly they are denied.

## FACTUAL ALLEGATIONS

17-22.   To the extent paragraphs 17 through 22 of the Complaint contain any allegations directed against this Defendant, said allegations are denied.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraphs and accordingly they are denied.

## COUNT ONE
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE
(Against All Defendants, Except Metropolitan Life Insurance Company)

23.   Defendant adopts its responses to paragraphs 1 through 22 of the Complaint and incorporates those responses as if fully set forth herein in response to paragraph 23 of the Complaint.

24-31. To the extent paragraphs 24 through 31 of the Complaint contain any allegations directed against this Defendant, said allegations are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraphs and accordingly they are denied.

In response to the unnumbered paragraph following paragraph 31 of the Complaint, Defendant denies that Plaintiff is entitled to any damages or any other relief from Defendant.

<u>COUNT TWO</u>
<u>NEGLIGENCE</u>
(Against All Defendants, Except Metropolitan Life Insurance Company)

32. Defendant adopts its responses to the preceding paragraphs of the Complaint and incorporates those responses as if fully set forth herein in response to paragraph 32 of the Complaint.

33-40. To the extent paragraphs 33 through 40 of the Complaint contain any allegations directed against this Defendant, said allegations are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraphs and accordingly they are denied.

In response to the unnumbered paragraph following paragraph 40 of the Complaint, Defendant denies that Plaintiff is entitled to any damages or any other relief from Defendant.

## COUNT THREE
## STRICT LIABILITY
### (Against All Defendants, Except Metropolitan Life Insurance Company)

41.    Defendant adopts its responses to the preceding paragraphs of the Complaint and incorporates those responses as if fully set forth herein in response to paragraph 41 of the Complaint.

42-49. To the extent paragraphs 42 through 49 of the Complaint contain any allegations directed against this Defendant, said allegations are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraphs and accordingly they are denied.

## COUNT FOUR
## ALLEGATIONS AGAINST PREMISES DEFENDANTS

50-57. To the extent paragraphs 50 through 57 of the Complaint contain any allegations directed against this Defendant, said allegations are denied.  Defendant is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of said paragraphs and accordingly they are denied.

## COUNT FIVE
## BREACH OF WARRANTY
(Against All Defendants, Except Metropolitan Life Insurance Company)

58.   Defendant adopts its responses to the preceding paragraphs of the Complaint and incorporates those responses as if fully set forth herein in response to paragraph 58 of the Complaint.

59-60. To the extent paragraphs 59 through 60 of the Complaint contain any allegations directed against this Defendant, said allegations are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraphs and accordingly they are denied.

In response to the unnumbered paragraph following paragraph 60 of the Complaint, Defendant denies that Plaintiff is entitled to any damages or any other relief from Defendant.

## COUNT SIX
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

61.    Defendant adopts its responses to the preceding paragraphs of the Complaint and incorporates those responses as if fully set forth herein in response to paragraph 61 of the Complaint.

62-66. To the extent paragraphs 62 through 66 of the Complaint contain any allegations directed against this Defendant, said allegations are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraphs and accordingly they are denied.

In response to the unnumbered paragraph following paragraph 66 of the Complaint, Defendant denies that Plaintiff is entitled to any damages or any other relief from Defendant.

## COUNT SEVEN
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

67.    Defendant adopts its responses to the preceding paragraphs of the Complaint and incorporates those responses as if fully set forth herein in response to paragraph 67 of the Complaint.

68-72.    To the extent paragraphs 68 through 72 of the Complaint contain any allegations directed against this Defendant, said allegations are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraphs and accordingly they are denied.

In response to the unnumbered paragraph following paragraph 72 of the Complaint, Defendant denies that Plaintiff is entitled to any damages or any other relief from Defendant.

<u>COUNT EIGHT</u>
<u>CONSPIRACY</u>
(Against Metropolitan Life Insurance Company Only)

73-76. To the extent paragraphs 73 through 76 of the Complaint and the unnumbered paragraph following paragraph 76 of the Complaint contain any allegations directed against this Defendant, said allegations are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraphs and accordingly they are denied.

In response to the unnumbered paragraph following the unnumbered paragraph following paragraph 76 of the Complaint, Defendant

denies that Plaintiff is entitled to any damages or any other relief from Defendant.

## PRAYER FOR RELIEF

In response to the unnumbered paragraphs entitled "Prayer for Relief," Defendant denies that Plaintiff is entitled to any damages or any other relief from Defendant and denies all other allegations directed against this Defendant.

Any allegation of the Complaint directed against this Defendant that has not been previously responded to is denied.

## SECOND DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

## THIRD DEFENSE

Defendant would have had no duty to an employee of an independent contractor performing work on Defendant's premises, nor would Defendant have had a duty to any such employee's wife.

## FOURTH DEFENSE

There is an absence of proximate cause.

## FIFTH DEFENSE

Opal Rounsavall, in her capacity as personal representative of Billy Joe Rounsavall, may not pursue a wrongful death claim against Defendant under applicable Georgia law.

## SIXTH DEFENSE

Plaintiff's claims against Defendant are barred by the statute of limitations.

## SEVENTH DEFENSE

Plaintiff's claims against Defendant are barred by the statute or rule of repose.

## EIGHTH DEFENSE

Plaintiff's claims against Defendant are barred or limited by contributory negligence and applicable statutes and principles relating to comparative negligence and apportionment of damages.

## NINTH DEFENSE

Plaintiff's claims against Defendant are barred by the doctrine of assumption of the risk.

## TENTH DEFENSE

Plaintiff's claims against Defendant are barred by the defense of no causal relation.

## ELEVENTH DEFENSE

Plaintiff's claims against defendant are barred by the defense of product misuse.

## TWELFTH DEFENSE

Plaintiff's claims against Defendant are barred by the doctrines of laches, waiver or estoppel.

## THIRTEENTH DEFENSE

Defendant pleads all defenses available under any applicable provisions of the Uniform Commercial Code and any applicable contracts.

## FOURTEENTH DEFENSE

Punitive damages are not recoverable or warranted against Defendant in this action.

## FIFTEENTH DEFENSE

Defendant pleads all limitations on punitive damages established by applicable statutes, including without limitation by OCGA § 51-12-5.1.

## SIXTEENTH DEFENSE

The Complaint seeks to make Defendant liable for punitive damages.  Defendant adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001), State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v. Williams, 549 U.S. 346 (2007).

## SEVENTEENTH DEFENSE

Imposition of punitive damages against Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## EIGHTEENTH DEFENSE

Imposition of joint and several liability for punitive damages against Defendant based upon the actions of other defendants would be a deprivation of due process as guaranteed by the United States Constitution.

## NINETEENTH DEFENSE

If it is determined that any form of recovery has been obtained by way of judgment, settlement, or otherwise, for all or any part of the alleged injuries or damages, then Defendant claims the benefit of such recovery by way of set-off, payment, credit, recoupment, accord and satisfaction, or otherwise as it may elect.

## TWENTIETH DEFENSE

Defendant reserves the right to assert such other and further defenses as may be appropriate after further investigation and discovery.

    /s/ Andrew J. Noble, III
Andrew J. Noble, III (NOB001)
P. O. Box 830709
Birmingham, Alabama  35283-0709
(205) 521-8000

Attorney for Defendant
BASF Catalysts LLC

OF COUNSEL:

BRADLEY ARANT BOULT CUMMINGS LLP
P. O. Box 830709
Birmingham, AL  35283-0709
(205) 521-8000


## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on March 25, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.


        _/s/ Andrew J. Noble, III_____